UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ISAAC ROGERS,

                Petitioner,                Case No. 2:15-cv-13763
                                                            Hon. Sean F. Cox

SHANE JACKSON,

                Respondent.
_____/

**OPINION AND ORDER (1) GRANTING RESPONDENT'S MOTION [Dkt. 8], (2) DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND (3) DENYING CERTIFICATE OF APPEALABILITY AND PERMISSION TO APPEAL IN FORMA PAUPERIS**

Isaac Rogers, ("Petitioner"), a Michigan Department of Corrections prisoner, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenges Petitioner's Oakland Circuit Court conviction for first-degree criminal sexual conduct. MICH. COMP. LAWS § 750.520b(1)(f). The Court interprets the petition to be raising the following three claims: (1) the trial court failed to appoint Petitioner counsel to pursue a direct appeal, (2) Petitioner's plea was unknowingly entered when he was not informed that he would receive life-time electronic monitoring, and (3) Petitioner was deprived of an appeal despite the fact he signed the forms requesting the appointment of counsel.

This matter is before the Court on Respondent's motion to dismiss the petition as untimely filed. Dkt. 8. Petitioner has not filed a proper[1] response to the motion. For the reasons below, the

---

[1] On May 13, 2016, Petitioner sent a letter to the Court asking for legal advice. In it, Petitioner acknowledges receipt of Respondent's motion to dismiss and asks the following two questions: (1) whether a response to the motion is necessary; and (2) if it is, how long Petitioner has to respond to the motion. The Court is not in a position to answer Petitioner's legal questions.

Court shall **GRANT** Respondent's motion and dismiss the case because Petitioner failed to comply with the one-year limitations period under 28 U.S.C. §2244(d).  The Court shall also deny Petitioner a certificate of appealability and deny permission to proceed on appeal in forma pauperis.

## BACKGROUND

Petitioner was sentenced by the trial court on February 19, 2008.  Petitioner alleges that he filed a request for the appointment of counsel following sentencing, but the state court record does not contain any indication that the trial court received the request.

On July 29, 2010, Petitioner filed a motion challenging the trial court's order for reimbursement of attorney fees, which the trial court denied on September 22, 2010.

On January 11, 2013, Rodgers filed a motion for relief from judgment in the trial court, asserting what now form his habeas claims.  The trial court denied the motion in an opinion dated February 28, 2014.  Dkt. 9-9.

In April of 2014, Petitioner filed an application for leave to appeal in the Michigan Court of Appeals.  On July 2, 2014, the Michigan Court of Appeals denied the application.  *People v. Rogers*, No. 321535 (Mich. Ct. App. July 2, 2014).  Petitioner applied for leave to appeal to the Michigan Supreme Court. On April 28, 2015, the Michigan Supreme Court denied the application.  *People v. Rodgers*, 861 N.W.2d 895 (Mich. 2015) (table).

Petitioner returned to the trial court and filed a motion to amend his motion for relief from judgment on June 15, 2015.  The trial court denied the motion on June 19, 2015. Petitioner did not appeal that order in the state appellate courts.

Petitioner's federal habeas application is dated October 5, 2015.

**ANALYSIS**

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. In considering a motion for summary judgment, the Court will construe all facts in a light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). There are no genuine issues of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Id*. If the movant carries its burden of showing an absence of evidence to support a claim, then the nonmovant must demonstrate by affidavits, depositions, answers to interrogatories and admissions that a genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-325 (1986). This standard of review may be applied to habeas proceedings. See *Redmond v. Jackson*, 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides a one-year period of limitation for a habeas petition filed by a state prisoner seeking habeas relief from a state court judgment. 28 U.S.C. § 2244(d)(1). The limitation runs from one of four specified dates, usually either the day when the judgment becomes final by the conclusion of direct review or the day when the time for seeking such review expires. § 2244(d)(1)(A). The limitation period is tolled while "a properly filed application for State post-conviction or other collateral review . . . is pending." § 2244(d)(2).

Section 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured in this case. Petitioner has not filed a proper response to Respondent's motion asserting that any other starting point applies, and no other starting point appears in the record. Under section 2244(d)(1)(A), the one-year limitations period runs from "the date on which the judgment became

final by the conclusion of direct review or the expiration of the time for seeking such review." Here, the expiration of time for seeking direct review under this section was February 19, 2009 - one year after Petitioner's judgment of sentence was entered on February 19, 2008. See Mich. Ct. R. 7.205(G) (amended in 2011 to reduce the time to file a delayed application from one year to six months). The statute of limitations lapsed one year later, on February 19, 2010.

Petitioner filed post-conviction motions in the state trial court in July of 2010, January of 2013, and July of 2015. Because these motions were filed after the limitations period had already expired they did not act to toll or reset the limitations period. *See McMurray v. Scutt*, 136 F. App'x 815, 817 (6th Cir. 2005) (citing *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003)).

The petition is thus time-barred unless Petition can demonstrate grounds for equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010). A petitioner is entitled to equitable tolling if he shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. (internal quotation marks omitted). The party seeking equitable tolling bears the burden of proving that he is entitled to it. *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010).

While Petitioner did not properly respond to Respondent's motion, the petition and pleadings filed by Petitioner in state court suggest two grounds for equitable tolling: 1) that the trial court deprived Petitioner of counsel to pursue a direct appeal; and 2) that Petitioner is actually innocent. Neither of these arguments are availing.

First, while Petitioner asserts that he requested appointment of appellate counsel following sentencing in a manner prescribed by state law, he does not assert that he believed that a direct appeal had been filed and was pending. That is, Petitioner does not claim that the state courts

somehow misled him in a way that would justify his delay in filing for state post-conviction review. *See e.g. Pliler v. Ford*, 542 U.S. 225, 234 (2004) (remanding to address court of appeals' concern that prisoner may have been affirmatively misled by judge resulting in untimely filing).

Rather, Petitioner merely asserts that after he filed the required paperwork for requesting appellate counsel and did not receive a response from the trial court, fellow inmates simply told him "to wait." *See* Dkt. 1, Page ID 46. Petitioner acknowledges that he waited about four years before he was advised by a "prison law clerk" to contact the State Appellate Defender's Office. *Id.* It was after this lengthy non-diligent delay that Petitioner finally filed his motion for relief from judgment. The state trial court determined that no timely request for the appointment of appellate counsel had ever been received. *Id.* at 46-47.

While following the advice "to wait" resulted in the loss of Petitioner's direct appeal, it does not constitute the type of extraordinary circumstance that stands in the way of diligently pursuing Petitioner's rights. Petitioner does not claim that he believed that his direct appeal had been filed and was pending. Rather, he believed there was a delay in the appointment of counsel. It was Petitioner's decision to sit on his rights for approximately four years before making an inquiry into his request for the appointment of counsel. The fact that Petitioner is untrained in the law or may have been personally ignorant of the consequences of his inaction is insufficient to establish entitlement to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of the law does not justify tolling); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (the law is "replete with instances which firmly establish that ignorance of the law, despite a litigant's pro se status, is no excuse" for failure to follow legal requirements). Petitioner is therefore not entitled to equitable tolling on this basis.

In his state-court motion for relief, Petitioner also claimed innocence. *See* Dkt. 9-6, Brief in Support of Motion for Relief From Judgment, at 13-16. The one-year statute of limitations may also be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schlup v. Delo*, 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). Petitioner's case falls outside of the actual innocence tolling exception enunciated in *Shlup* because Petitioner's claim is not based on any new, reliable evidence that he is actually innocent of the crimes charged. *See Ross v. Berghuis*, 417 F. 3d 552, 556 (6th Cir. 2005). Rather, Petitioner merely claims that he is "actually innocent" of the judgment of sentence because it contained an unauthorized term of lifetime electronic monitoring. This argument does not provide a basis for equitable tolling.

Accordingly, the Court shall grant Respondent's motion and dismiss the petition.

## CONCLUSION

Before Petitioner may appeal, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*. Having undertaken the requisite review, the court

concludes that jurists of reason could not debate the Court's procedural ruling. A certificate of appealability will therefore be denied. Leave to appeal in forma pauperis is denied because an appeal of this order could not be taken in good faith. 18 U.S.C. § 1915(a)(3).

## ORDER

For the foregoing reasons, **IT IS ORDERED** that Respondent's motion is **GRANTED**, and the petition is **DISMISSED.**

**IT IS FURTHER ORDERED** that a certificate of appealability and permission for leave to appeal in forma pauperis are **DENIED.**

**IT IS SO ORDERED.**

                                       S/Sean F. Cox
                                       Sean F. Cox
                                       United States District Judge

Dated: August 30, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 30, 2016, by electronic and/or ordinary mail.

                                       S/Shawna C. Burns
                                       Case Manager Generalist